UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SHARON SIMONEAUX

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION

NO.   09-326-CN

# ORDER

This matter is before the Court on plaintiff's "Objections to Magistrate's Report and Recommendation," which the Court will consider as a Motion to Amend or Alter Judgment.  The defendant Commissioner has filed a response.

In the present case, plaintiff's claims were dismissed by a judgment.  Therefore, the appropriate procedural device for requesting that the Court reconsider and set aside its prior judgment is a motion to alter or amend the judgment pursuant to Rule 59(e).

A Rule 59(e) motion is one which calls into question the correctness of a judgment, and the rule is properly invoked to "correct manifest errors of law or fact or to present newly discovered evidence."  *Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002); *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005)(A motion to alter or amend judgment must "clearly establish either a manifest error of law or fact or must present newly discovered evidence").  Such a motion cannot be used to rehash evidence, legal theories, or arguments that could have and should have been raised prior to the dispositive ruling, nor may the motion be used to argue a new legal theory. *Id.*, quoting

*Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).[1]

Plaintiff asserts that the Court erred in finding that substantial evidence showed that Plaintiff could perform "frequent" fingering and handling. Plaintiff also asserts that the Court erred in finding that substantial evidence showed that plaintiff could stand and walk for up to six hours per day.

After considering plaintiff's motion, defendant's response, and the Ruling and Judgment entered on September 9, 2010, the Court finds that Plaintiff's motion merely rehashes the arguments that she previously made in her opposition and reply brief to the Commissioner's opposition brief and fails to establish that the Court committed manifest error in law or fact, i.e., plaintiff has not shown that substantial evidence does not support the ALJ's decision.[2] Therefore, her motion will be denied.

Accordingly,

**IT IS ORDERED** that plaintiff's motion to amend or alter judgment (Dkt. # 21) is hereby **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, March 2, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1] Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law since judgment was rendered. *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[2] Substantial evidence exists if a reasonable mind might accept the evidence of record as adequate to support a conclusion *Carrier v. Sullivan,* 944 F.2d 243, 245 (5th Cir. 1991.) *See also, Richardson v. Perales*, 402 U.S. 389, 390 (1971)("The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive.")